# Exhibit "A"

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JACKLOYN DRANE,

                Plaintiff,

v.

SAM'S CLUB,

                Defendant.
_____/

Case No: 21- 000988-NO
Honorable: James M. Biernat, Jr.

**OLIVER LAW FIRM**
**KEVIN S. OLIVER (P42578)**
**Attorney for Plaintiff**
18927 Farmington Road, Suite 110
Livonia, MI 48152
(248) 477-1900
_____/

## COMPLAINT

*There is no other pending or resolved civil action
between these parties arising out of the same
transaction or occurrence as alleged in this Complaint.*

Plaintiff JACKLOYN DRANE, by her attorneys, Oliver Law Firm, and for her Complaint against Defendant SAM'S CLUB, states as follows:

1.    Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.    Defendant SAM'S CLUB is a company doing business in the City of Roseville, County of Macomb, State of Michigan.

3.    At all times relevant herein, Defendant SAM'S CLUB owned and controlled the premises located at 31720 Gratiot Avenue, Roseville, Michigan, where this incident took place.

4.    The amount in controversy is in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interest, costs and reasonable attorney's fees.

## COUNT I
## NEGLIGENCE

5. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1-4, as though fully set forth herein.

6. On or about February 9, 2019, Plaintiff was an invitee at Defendant Sam's Club premises located at 31720 Gratiot Avenue, Roseville, Michigan.

7. On or about said date, Plaintiff slipped on black ice in the parking lot of Defendant Sam's Club and fell violently to the ground. Plaintiff sustained serious injuries, including, but not limited to her left knee injury requiring extensive medical treatment.

8. At all relevant times, Defendant owed Plaintiff, as an invitee, a duty to exercise reasonable care in keeping its premises safe, including a duty to perform reasonable inspections, warn of known hazards or hazards that Defendant should have known, and remedy hazardous conditions of which Defendant knew or should have known.

9. Defendant breached its duties in the following ways:

   a. Failed to maintain the premises in a reasonably safe condition, including its parking lot;

   b. Failed to exercise due care and caution in the maintenance of its premises, including its parking lot;

   c. Failed to provide safe, proper and adequate areas to walk for the Plaintiff and others similarly situated;

   d. Failed to comply with all local ordinances;

   e. Failed to otherwise exercise due care with respect to the matters alleged in this complaint; and

   f. Other duties discovered in the course of continuing discovery.

10. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages, including but not limited to the following:

   a. Left knee injury;
   b. Scarring and physical disfigurement;
   c. Shock and emotional damage;
   d. Loss of the normal enjoyment of life;
   e. medical expenses, loss of earnings and earning capacity and
   f. Other injuries and/or disabilities discovered in the course of continuing discovery and through the passage of time.

11. These injures continue through the present and are expected to continue into the future.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant in an amount deemed fair and just by the trier of fact in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with an award of costs, interest and attorney's fees, as well as any other relief that this Court deems fair and just.

## COUNT II
## PREMISES LIABILITY

12. Plaintiff repeats and re-alleges Paragraphs 1-11 as if the same were fully set forth herein.

13. At all relevant times herein, Defendant had possession and control of the premises where Plaintiff fell.

14. A dangerous condition existed on Defendant's premises.

15. Defendant owed duties to Plaintiff as an invitee to inspect its premises for hazardous conditions, warn of any hazardous conditions of which Defendant knew or should have known in the exercise of reasonable care, and remedied any hazardous condition of which Defendant knew or should have known.

16. Defendant failed to remove or eliminate the dangerous condition from their premises.

17. Defendant failed to inspect the premises for dangerous conditions.

18. Defendant failed to warn Plaintiff of the danger presented by the presence of a defective and hazardous parking lot;

19. As a direct and proximate cause of the dangerous condition which Defendant allowed to remain on its premises, Plaintiff suffered injuries and damages as outlined above.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant in an amount deemed fair and just by the trier of fact in excess of Twenty-Five ($25,000.00) Dollars, together with an award of costs, interest, and attorney fees, as well as any other relief that this Court deems fair and just.

Respectfully submitted,
**OLIVER LAW FIRM**

By: /S/ Kevin S. Oliver
KEVIN S. OLIVER (P42578)
Attorney for Plaintiff
18927 Farmington Road, Suite 110
Livonia, MI 48152
(248) 477.1900

Dated: March 10, 2021